IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KENNETH L. WALLER,
ADC #103829                                                                                          PLAINTIFF

V.                             CASE NO. 4:19-cv-903-JM-BD

DEXTER PAYNE, *et al*.                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Waller may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Waller does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.     Background**

Mr. Waller initially filed this lawsuit as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry #2) Rather than recommending that the habeas petition be dismissed, the Court gave Mr. Waller the option to convert his petition to a civil complaint under 42 U.S.C. § 1983. (#4, #5) Mr. Waller elected to convert his petition and subsequently filed a 119-page amended complaint. (#6)

## III. Screening

### A. Due Process Claims

In his amended complaint, Mr. Waller complains that he received a false disciplinary on June 25, 2019. (#6, pp.14-15) As he alleges, on June 27, 2019, he was found guilty of the disciplinary after the hearing officer refused to look at video evidence that would demonstrate his innocence. (#6, pp.14-15) As a result of the disciplinary conviction, Mr. Waller's class was reduced from Class IB to Class IV; he had to spend 26 days in punitive segregation; and he was denied commissary, telephone privileges, and visitation for 30 days. (#6, pp.13-15)

After serving 20 days in punitive segregation, Mr. Waller was moved to administrative confinement. (#6, p.37) He complains that he was not provided an in-person review of his administrative confinement status until 34 days later (August 20, 2019). His confinement was reviewed again 56 days later, on October 15, 2019; and he had not received another review before he filed this lawsuit 62 days later (December 16, 2019). (#2; #6, p.39) Mr. Waller claims that the false disciplinary, the disciplinary hearing, and subsequent assignment to administrative confinement without timely reviews violated ADC policy and his constitutional rights.

Prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996). Therefore, even if the Defendants repeatedly violated ADC

2

policy as Mr. Waller has alleged, these policy violations do not give rise to constitutional claims.

A prisoner has a right to procedural due process only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) None of the punishment that Mr. Waller received as a result of the alleged false charge and flawed hearing implicate a liberty interest. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *PortleyBEl v. Brill*, 288 F.3d 1063, 1065B66 (8th Cir. 2002) (holding that inmates have no liberty interest in maintaining a particular classification level and that 30 days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *Scott v. Coleman*, 439 Fed. Appx. 810 (8th Cir. 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months). Here, Mr. Waller's

disciplinary conviction, even if it was based on a false disciplinary and a flawed hearing, did not implicate liberty interest. Accordingly, there is no due process violation.

Mr. Waller is correct that he is entitled to meaningful reviews while assigned to administrative confinement, but those reviews are constitutionally required only if a liberty interest is implicated. Mr. Waller alleges he was held for 34 days before his first review on August 20, 2019; he was held for 56 days until his next in-person review on October 15, 2019; and he did not receive another in-person review during the 62 days before he filed this lawsuit. These periods in administrative confinement without an in-person review of his housing status might indeed have violated ADC policy, but they were not long enough to trigger the protection of the due process clause.

Mr. Waller may file a new lawsuit raising due process claims if he is held in administrative confinement for a more substantial time period.

B. Equal Protection Claims

To state a claim for a violation of equal protection rights where no protected class or fundamental right is involved, an inmate must allege facts indicating that he was intentionally treated differently from similarly situated inmates for no rational reason. *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008). An inmate must show intentional or purposeful discrimination. *Klinger v. Dep't. of Corr.*, 31 F.3d 727, 733 (8th Cir.1994).

4

Mr. Waller claims that Defendants treated him more harshly than similarly situated inmates. He asserts that he was removed from general population while other inmates found with contraband were not.[1] (#6, p.58) His argument, however, is contradictory. On the one hand, he argues that he should be allowed to remain in general population. On the other hand, he states that he is homosexual and, therefore, needs to be housed separately so that he is protected from other inmates who are hostile to homosexuals. (#6, pp. 11, 55) In fact, he argues that the Defendants' failure to place him in protective custody as a homosexual violates his constitutional rights. (#6, p.55)

Mr. Waller's equal protection claim fails because he has not offered any facts to demonstrate that the other inmates who were treated more favorably were similarly situated. In fact, he acknowledges that he was charged with possessing drugs whereas the other inmates were found with cellphones. He also concedes that he has had multiple disciplinaries, including disciplinaries for fighting, and has had ongoing problems with other inmates.

C.     Conditions of Confinement Claims

The Supreme Court has explained that the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny "the minimal civilized

---

[1] Mr. Waller also alleges that he was eligible for class promotion on February 4, 2020. If promoted, Mr. Waller could be reassigned to general population. This date, however, arose after he filed this lawsuit in December of 2019, and these allegations are not part of this lawsuit. (#6, p.59)

5

measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "[N]othing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Wilson v. Seiter*, 501 U.S. 294, 305 (1991).

Mr. Waller states that this lawsuit challenges "a wide range of living conditions in the Arkansas prison system, specifically the Cummins Unit, including, inter alia, violence, overcrowdiness [sic], sexual assault, idleness. . . ." (#6, p.9) He alleges that he was sexually abused, harassed, and assaulted; however, he provided no facts to support these assertions.[2] Mr. Waller failed to provide enough facts to support a claim that he is being held in unconstitutional conditions of confinement or that any Defendant failed to protect him.

D. Inadequate Grievance Procedure

Finally, Mr. Waller complains that the ADC grievance procedure is inadequate and futile because it takes too long to get a response and because ADC officials never resolve the issues raised in his grievances. (#6, pp.12-13)

The law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Therefore, a prison official's failure to

---

[2] Mr. Waller never alleges or raises any facts in his complaints to suggest he has a failure to protect claim against any of the Defendants.

6

properly process or respond to a grievance, standing alone, is not actionable under § 1983.

## IV. Conclusion

The Court recommends that Mr. Waller's claims be DISMISSED, without prejudice, for failing to state a federal claim upon which relief can be granted. Furthermore, the dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).

DATED this 20th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE